United States District Court
Southern District of Texas
**ENTERED**
March 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| REYNALDO ALBERTO CANTU, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 6:20-CV-69 |
| | § |
| BOBBY LUMPKIN, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Reynaldo Alberto Cantu (#01899713), is a Texas state prisoner currently incarcerated in the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division in Beaumont, Texas.  Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 20, 2020, challenging his 2013 Calhoun County conviction for continuous sexual abuse of a child.[1] (D.E. 1).  Respondent filed a Motion for Summary Judgment on February 26, 2021 to which Petitioner responded.  (D.E. 21 and D.E. 22).  For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.  (D.E. 21). Additionally, the undersigned has reviewed the records in this matter and finds an

---

[1]The petition was signed on November 20, 2020 and received by the Court on November 23, 2020.  *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

evidentiary hearing is not necessary.  *See* Rule 8 of the Rules Governing Section 2254 Cases.

## I.     JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction is proper in this Court because Petitioner was convicted in Calhoun County, Texas, which is within the Southern District of Texas.  28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

On December 5, 2013, after a jury trial, Petitioner was convicted of continuous sexual abuse of a child younger than 14 years of age from October 1, 2011 through October 27, 2012 in the 24th District Court of Calhoun County, Texas, Case Number 13-08-7359, and sentenced to life imprisonment. (D.E. 18-3, Pages 4-5 and 37-38).[2]  The Court of Appeals for the Thirteenth District of Texas affirmed the trial court's judgment on January 11, 2018.  (D.E. 18-16 and D.E. 18-17).  On October 17, 2019, after Petitioner was granted permission to file an out-of-time petition for discretionary review ("PDR"), he filed a PDR which was refused by the Texas Court of Criminal Appeals ("TCCA") on

---

[2]A detailed background of the underlying facts of this case are provided in Defendant's brief as reported by the state court and therefore, they need not be repeated in this M & R at length.  (D.E. 18-17 and D.E. 21, Pages 4-6).

November 20, 2019.   (D.E. 19-2; *Cantu v. State*, No. PD-0758-19 (Tex. Crim. App. 2019)).   Petitioner's Petition for Writ of Certiorari was denied by the United States Supreme Court on June 15, 2020.   (D.E. 1, Page 3; *Cantu v. Texas*, No. 19-8233 (2020)). On May 14, 2020, Petitioner filed a state habeas application challenging his conviction which was denied without written order by the TCCA on September 30, 2020.   (D.E. 19-11 and D.E. 19-12, Pages 15 and 30).   Petitioner filed the pending federal habeas action on November 20, 2020.   (D.E. 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56.   Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").   However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on*

*other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).  Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant.  *Smith*, 311 F.3d at 668.  Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  § 2254(e)(1); *Id.*

### B.   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA.  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's

---

[3]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

contrary conclusion was unreasonable.  *Id*.  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no further." *Richter*, 562 U.S. at 102.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Id*.  In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

## IV.   PETITIONER'S ALLEGATIONS OF ERROR

Petitioner raises several grounds for relief asserting:

1.  A biased jury was unconstitutionally seated.

2.  There was prosecutorial misconduct/abuse of discretion because the prosecutor:

     a.      informed the Court he had no notes on the biased juror;

b.   did not receive a relevance ruling prior to calling the first witness to testify regarding extraneous offenses; and

c.   "injected into testimony while complainant is still on the stand able to answer question."

3.   The prosecution failed to prove the abuse took place for over 30 days or more and his conviction raises ex post facto violations.

4.   He received ineffective assistance of counsel because:

a. his trial counsel failed to object to a biased jury and to the admission of extraneous evidence; and

b. his appellate counsel failed to properly review the record.

(D.E. 1, Pages 6-7 and D.E. 2, Pages 7-8 and 11-26).  The undersigned recommends each of these arguments is without merit, as discussed below.

## V.   DISCUSSION

### A.   Juror Bias

Petitioner first argues Juror #35 Amador Roldan was seated despite giving answers during voir dire suggesting he could not be impartial.  (D.E. 1, Page 6; D.E. 2, Pages 11-15 and D.E. 22); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors.")  Upon review of the record, while Juror #45 Mr. Yu-Lin Kung indicated he could not be fair and was inadvertently called #45 Mr. Roldan by Petitioner's trial counsel during questioning, Juror #35 Mr. Roldan was seated on the jury and never stated he could not be fair.  (D.E. 18-6, Pages 76, 132, 134 and 172 and D.E. 19-12, Pages 100-101).  Petitioner's trial counsel averred that although he called Juror #45 Mr. Roldan, he was actually speaking to Mr. Kung and it was Juror #45 Mr. Kung, not Juror #35 Mr. Roldan, who stated who could not be fair.  (D.E. 19-12, Pages 100-101).  This is further

supported by the jury strike lists from both the prosecution and defense counsel which indicated it was Juror #45 Mr. Kung, and not Juror #35 Mr. Roldan, who stated he could not be fair.   (D.E. 18-6, Pages 132 and 134).   Accordingly, Juror #45 Mr. Kung was struck.   (D.E. 18-6, Pages 165-169).   Therefore, Petitioner's argument is without any support in the record.

In his memorandum, Petitioner also asserts Jurors #7, #10 and #25, Paul Baker, Kristen Clark, and Frank Anzaldua, personally knew one of the prosecutors, Shannon Salyer, and therefore, they are presumed biased.   (D.E. 2, Page 13).   Petitioner further asserts it was inappropriate to seat Jurors #36 and #37, Cathy Robinson and Brandi Henke, because both, during their employment with a school district, had previously reported sexual abuse and would be biased against anyone accused of harming a child. (D.E. 2, Page 13).   However, these allegations do not require this Court to find any actual or implied bias.  *Hatten v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009) ("Actual bias exists when the juror failed to answer a material question honestly on voir dire, and a correct response would have provided a valid basis for a challenge for cause" and implied bias exists if there is a relationship "inherently significant enough to presume bias" such as being a close relative of a trial participant or somehow involved in the crime) (citations omitted).   Petitioner has alleged no specific facts showing any of these jurors were biased against him or otherwise unable to render an impartial verdict at his trial.   Petitioner does not allege these jurors failed to answer any question honestly.   Additionally, even if these jurors knew one of the prosecutors, this alone is insufficient to show bias or to serve as a basis for disqualification.  *Montoya v. Scott*, 65 F.3d 405, 420 (5th Cir. 1995) ("[T]he

mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly relations with, one of the parties to a suit, is not sufficient basis for disqualification.") (citations omitted). *Hatley v. Thaler*, No. 3:08-cv-0183-L, 2010 WL 779242, at \*4-5 (N.D. Tex. Mar. 5, 2010) (No evidence of bias where a prosecutor and juror attended the same church).  Here, being acquaintances through an art league and friends with a prosecutor's brother does not demonstrate an inherently significant relationship to presume bias.  Further, Petitioner's argument that the two jurors who were school district employees would "maintain bias against anyone accused of harm to a child" is conclusory and has no support in the record.  (D.E. 2, Page 13); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (citations omitted).  Therefore, these allegations are not entitled to habeas relief.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (Given the deference due to state court decisions, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue) (citation omitted); *Buckner v. Davis*, 945 F.3d 906, 914 (5th Cir. 2019) (No presumption of bias where a juror's family members were both the perpetrator and the victim of conduct similar to defendant's conduct).

### B.    Prosecutorial Misconduct/Abuse of Discretion

Petitioner next raises several allegations of prosecutorial misconduct and/or abuse of discretion.  (D.E. 1, Page 6 and D.E. 2, Pages 15-17).  For the reasons stated below, the undersigned recommends they are also without merit.

Petitioner first asserts the prosecutor engaged in misconduct when he informed the

Court he had no notes indicating Juror #35 Mr. Roldan could not be seated.  For the reasons stated above, this claim is without merit.  Petitioner's trial counsel inadvertently called Juror #45 Mr. Roldan while addressing Juror #45 Mr. Kung.  It was Mr. Kung, not Mr. Roldan, who stated he could not be fair and impartial.  In short, there is nothing in the record supporting Petitioner's assertion that Juror #35 Mr. Roldan was biased. Petitioner has not offered any evidence that the prosecutor misled the Court other than his own conclusory allegations.  *Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011-12.

The prosecution's first witness was M.A., Petitioner's 36-year-old daughter, who testified her father sexually abused her from age five to 15.  (D.E. 18-7, Pages 10-19 and 36-56).  Petitioner asserts the prosecution called M.A. without first consulting the trial court on her testimony's relevance under Article 38.37 of the Texas Code of Criminal Procedure (Evidence of Extraneous Offenses or Acts).  (D.E. 1, Page 6 and D.E. 2, Pages 16-17).  However, this is clearly not supported in the record.  Prior to M.A.'s testimony before the jury, the trial court conducted a hearing under Article 38.37.  (D.E. 18-7, Page 7).  The trial court determined M.A.'s testimony was admissible as a prior extraneous offense which allows evidence of other sexually based offenses against children so the jury can evaluate whether those offenses have any bearing on the case being prosecuted, including the character of the defendant and if the defendant acted in conformity with his character.  (D.E. 18-7, Page 21); Tex. Code of Crim. P. Art. 38.37 § 2(b).  The trial court determined the prosecution should avoid testimony from M.A. about the consequences Petitioner's sexual abuse had on her as an adult, such as her drug addiction, unless the court first determined it was relevant.  (D.E. 18-7, Page 21).  Petitioner has not cited to

any testimony where the prosecution violated this ruling.   Further, Petitioner has not raised any sufficient argument showing the trial court's admission of M.A.'s testimony was an error other than his own conclusory allegations.   To the extent he objects to M.A. testifying first, prior to the victim in this case, this argument is also unsupported and without merit.   Petitioner fails to cite to any law or rule prohibiting the prosecution from having a witness testify about extraneous evidence first.

Petitioner also asserts the prosecutor engaged in prosecutorial misconduct by making certain statements and trying to mislead the jury during the trial.   Petitioner first objects to the prosecutor's statement at the beginning of his questioning to M.A., where he stated "I know this is painful for you, but let's try and get through it."   (D.E. 18-7, Page 37).   The jury was instructed to disregard the comment.   (D.E. 18-7, Page 37). Petitioner also asserts the prosecutor improperly made comments during the victim's testimony.   (D.E. 1, Page 6 and D.E. 2, Page 17).   Specifically, the victim testified that, "He wanted me to go to my mom's room."   (D.E. 18-8, Page 20).   Petitioner's trial counsel stated he could not hear her response to which the prosecutor stated, "I believe her answer was he wanted me to go to his bedroom, is that correct?   Say yes." to which the victim replied, "Yes."   (D.E. 18-8, Page 20).   He then asked, "Was that your momma's bedroom?" to which the victim replied, "Yes."   (D.E. 18-8, Page 20).   She later again testified some of the abuse took place in her mom's room.   (D.E. 18-8, Pages 23-24).   Petitioner objects that the prosecutor stated it was Petitioner's room, rather than the victim's mother's room.

Federal habeas relief for prosecutorial misconduct is available only when the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (The standard of review is the narrow one of due process, not the broad exercise of supervisory power). "To constitute a due process violation, the claimed misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (2010) (citation omitted); *Ortega v. McCotter*, 808 F.2d 406, 410-11 (5th Cir. 1987) ("[A] prosecutor's improper argument will, in itself, exceed constitutional limitations in only the most 'egregious cases.'") (citation omitted). A trial is deemed fundamentally unfair where there is a reasonable probability the verdict would have been different absent the alleged misconduct. *Barrientes*, 221 F.3d at 753.

Reviewing the statements, Petitioner was not denied a fair trial. The evidence against Petitioner, namely the testimony of M.A., the victim and the SANE nurse, was strong and accordingly, the alleged misconduct had little or no prejudicial effect in light of the evidence against Petitioner. The prosecutor's statements, even if improper, were isolated. The trial court instructed the jury not to consider the prosecutor's statement regarding M.A.'s difficulty testifying and the victim clarified twice that Petitioner directed her to her mother's room. There is no reasonable probability that these isolated comments would have changed the guilty verdict. *Barrientes*, 221 F.3d at 753.

### C.    Sufficiency of Evidence and Ex Post Facto Violations

Petitioner next challenges the sufficiency of the evidence, asserting the

prosecution failed to establish the sexual abuse took place over 30 or more days and there are ex post facto violations.  (D.E. 1, Page 7 and D.E. 2, Pages 18-20).

Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979).   When a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding, the standard is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319.  The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.*   Further, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo,* 513 U.S. 298, 330 (1995).  The *Jackson* standard applies whether the evidence is direct or circumstantial.  *United States v. Scott,* 159 F.3d 916, 920 (5th Cir. 1998) (citation omitted).

Petitioner was convicted under Texas Penal Code § 21.02 which requires the prosecution to prove: (1) the commission of two or more acts of sexual abuse by a person over the age of 17; (2) over a span of thirty days or more; (3) against a child younger than 14 years of age.  The SANE nurse testified that during her examination on October 27, 2012, the date the victim's mother discovered Petitioner abusing the victim, the victim reported: "I think it all started about one or two months ago and he does something a few times a week."  (D.E. 18-7, Pages 76, 82, and 87).  The victim, who was 11 at the time of trial, testified upon cross-examination that Petitioner lived in her house for "[a] year or a

couple of months." (D.E. 18-8, Pages 15 and 27). She further testified that "a couple of months before" she went to see the SANE nurse, Petitioner "put his hand on my private" under a blanket. (D.E. 18-8, Pages 31-32). She also testified Petitioner sexually abused her "not every single day of the week, but a couple of days of the week." (D.E. 18-8, Page 32). When asked "How many days do you think it was from the first time something happened to the last time something happened?" the victim replied "I think – I don't really know." (D.E. 18-8, Pages 33-34). She was then asked "I mean, 20, 25?" to which she replied, "Probably around 20 or 25." (D.E. 18-8, Page 34). Citing to the above testimony, Petitioner argues the prosecution did not prove the duration element of continuous sexual abuse of a child and therefore, the evidence was insufficient to convict him.

Petitioner is urging the Court to make witness credibility determinations and to weigh the evidence in his favor. However, as stated above, this is the responsibility of the jury, not this Court. As found by the state court, "[t]he jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive providence of the jury to reconcile conflicts in the evidence." (D.E. 18-17, Page 8) (citation omitted). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner sexually abused the victim over a period of 30 days or more beyond a reasonable doubt, even with the conflicting testimony above. For the reasons stated above, the undersigned recommends this claim does not warrant federal habeas relief.

Further, to the extent Petitioner makes ex post facto claims that he is somehow being prosecuted for M.A.'s allegations which are time barred, these claims are unexhausted and procedurally barred because they were not presented to the state court in his PDR or on state habeas review and Petitioner has not argued any exception to the procedural bar. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a petition for discretionary review or a state application for writ of habeas corpus, to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has explained "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). A federal habeas corpus petitioner also fails to exhaust his state remedies when he relies on a different legal theory than presented in state court, or when he makes the same legal claim in federal court but supports the claim with factual allegations he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983).

Additionally, not only must a federal habeas applicant fairly present any claim to the highest available state court prior to seeking federal review, the applicant must also

have presented the claims to the state court in the procedurally correct manner.  This claim would be procedurally barred from federal habeas review under *Coleman v. Thompson* as Petitioner's claims would be barred by the well-established Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition.  501 U.S. 722, 729-30 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (Petitioner's failure to raise his claims in his initial state habeas petition without cause means the Texas abuse-of-writ doctrine would bar a successive state habeas petition, meaning federal habeas review is precluded); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (An adequate and independent state ground "bars federal habeas review…because the prisoner had failed to meet a state procedural requirement.") (citing *Coleman*, 501 U.S. at 729-30); *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time" it is to be applied) (citation omitted); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (same).

This ground for relief has not been presented to Texas Court of Criminal Appeals in a procedurally correct manner.  The Texas Court of Criminal Appeals applies its abuse of writ doctrine regularly and strictly.  *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997).  Therefore, the doctrine may be relied upon as an adequate and independent state ground for dismissal, forming the basis for the application of the procedural default doctrine.  *Id*.  Petitioner's failure to present this ground for relief properly in state court is a procedural default that bars federal habeas corpus review.  *Fearance*, 56 F.3d at 642 (the Texas abuse of writ statute restricting successive habeas applications is regularly and

strictly applied, constituting an independent and adequate procedural rule that bars federal review).

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  To demonstrate "cause," a petitioner must prove some condition external to the defense impeded his efforts to comply with procedural rules, the factual or legal basis of the claim was not available, or governmental interference rendered procedural compliance impractical.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Further, in this case, a miscarriage of justice would mean Petitioner has shown he is actually innocent of the crime for which he was convicted.  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (To establish actual innocence, Petitioner must support his allegations with new, reliable evidence that was not presented at trial and also must demonstrate it is more likely than not that no reasonable juror would have convicted him light of the new evidence) (citations omitted); *Konemany v. Stephens*, No. H-13-2309, 2013 WL 6858506, at *3 (S.D. Tex. Dec. 30, 2013) ("By 'fundamental miscarriage of justice' is meant that he was actually innocent of the crime.") (citations omitted).

It is respectfully recommended that Petitioner has failed to exhaust this claim.  It is further recommended Petitioner has failed to argue, much less establish, cause and prejudice, nor has he shown he is actually innocent.  *Coleman*, 501 U.S. at 729-32.; *Fearance*, 56 F.3d at 642.  Therefore, it is additionally recommended his ex post facto

claim is procedurally defaulted.  Further, even if the Court were to consider the merits of Petitioner's argument, Petitioner has not raised any sufficient argument showing the trial court's admission of M.A.'s testimony was an error other than his own conclusory allegations.  *Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011-12.

### D.      Ineffective Assistance of Counsel Claims

Petitioner next alleges he received ineffective assistance of both trial and appellate counsel.  (D.E. 1, Page 7; D.E. 2, Pages 20-26 and D.E. 22).  Petitioner argues his trial counsel failed to object to a biased jury and the admission of M.A.'s testimony and also failed to properly represent him in general.  He further alleges his appellate counsel failed to properly review the record by failing to raise a biased jury claim.  For the reasons stated below, the undersigned recommends these claims should be denied.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*.  466 U.S. 668 (1984).  Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense.  *Id.* at 687-88.  To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*.  Petitioner then "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

"The likelihood of a different result must be substantial, not just conceivable." *Richter*,

562 U.S. at 112 (citation omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 690.

An ineffective assistance of counsel claim raised in a habeas petition must therefore be analyzed under both the *Strickland* and § 2254(d) standards. As these standards are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Richter*, 562 U.S. at 105 (citations omitted). The federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether

the state court's application of the *Strickland* standard was unreasonable.  *Id.* at 101.

"Under AEDPA…it is a necessary premise that the two questions are different."  *Id.*

Because the *Strickland* standard is a general one, a state court has even more latitude to

reasonably determine that a defendant has not satisfied that standard.  *Knowles v.*

*Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough*, 541 U.S. at 664).  Thus,

where § 2254(d) applies to a *Strickland* claim, habeas relief is appropriate only when the

petitioner shows there is no reasonable argument that counsel's performance satisfied

*Strickland*'s deferential standard.  *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir.

2012).

    As discussed above, the facts of this case do not support an inference of actual or

implied bias on the part of any juror seated nor has Petitioner provided any sufficient

argument or evidence that the admission of M.A.'s testimony was an error other than his

own conclusory allegations.  In short, Petitioner fails to overcome the strong presumption

of competence owed to his counsel's conduct.  *Strickland*, 466 U.S. at 690; *Wilkerson v.*

*Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) ("We must strongly presume that trial

counsel rendered adequate assistance and that the challenged conduct was the product of

reasoned trial strategy.") (citation omitted).  Even if Petitioner could show counsel's

performance fell below an objective standard of reasonableness, he has not shown how

any deficient performance prejudiced the defense.  *Id.* at 687-88.  To the extent Petitioner

generally asserts his counsel did not represent him properly, the evidence presented at

Petitioner's trial, including the testimony of the victim, M.A. and the SANE nurse was

more than sufficient to support his conviction.  *Norris v. Davis*, 826 F.3d 821, 835 (5th

Cir. 2016) ("Norris cannot show *Strickland* prejudice in light of the overwhelming evidence of his guilt."); *Hoover v. Davis*, No. 4:19-0905, 2020 WL 1430498, at *9 (S.D. Tex. Mar. 23, 2020) (Petitioner failed to demonstrate his counsel's allegedly deficient performance caused him prejudice given the strong evidence of his culpability).

Accordingly, the undersigned recommends Petitioner has failed to show either counsels' performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. Therefore, the undersigned recommends Petitioner's claims of ineffective assistance of counsel be denied.

## VI. RECOMMENDATION

Petitioner has provided little to no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Rather, Petitioner repeats the same arguments raised before the TCCA. Having independently reviewed the entire state court record and for the reasons discussed above, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.") Therefore, as to all of Petitioner's grounds for error

addressed above with the exception of his unexhausted and procedurally barred ex post facto claims, the undersigned **RECOMMENDS** Petitioner fails to meet his burden under AEDPA.  Further, the undersigned **RECOMMENDS** Petitioner's claims do not warrant federal habeas relief and Respondent's Motion for Summary Judgment (D.E. 21) be **GRANTED**.

Respectfully submitted this 25th day of March 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).