UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REYNALDO ALBERTO CANTU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00069 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the March 25, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 23). In the M&R, Magistrate Judge Libby recommends that the Court grant Respondent Bobby Lumpkin's Motion for Summary Judgment and deny *pro se* Petitioner Reynaldo Alberto Cantu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[1] *See* 28 U.S.C. § 636(b)(1). Cantu filed timely objections. (Dkt. No. 26). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

---

[1] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quotations omitted). Further, a petitioner does not raise an objection "by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court has conducted *de novo* review of those portions of the M&R to which Cantu specifically objects. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Based on this review and for the reasons that follow, the Court **ACCEPTS** the M&R.

I.   **REVIEW OF THE OBJECTIONS**

First, Cantu objects to the standard of review Magistrate Judge Libby applied in the M&R. (Dkt. No. 26 at 3–12). In essence, Cantu argues that, in determining whether the state habeas court's decision involved an unreasonable application of federal law, Magistrate Judge Libby improperly applied a subjective standard instead of an objective one. (*Id.* at 3–6). Second, Cantu objects to Magistrate Judge Libby's conclusion that there is no support in the record for Cantu's claim that a biased jury was unconstitutionally seated. (*Id.* at 13–17). Specifically, he points to statements in the voir dire transcript as

evidence that a biased jury was seated. (*Id.* at 14–15). The Court addresses each objection in turn.[2]

### A. UNREASONABLE APPLICATION INQUIRY

Cantu's first objection is that the M&R applied the incorrect standard of review to the state court's determination of his claims. (*Id.* at 3–12). Cantu argues that the state court decision involved an unreasonable application of federal law, (*id.* at 3), and that the M&R incorrectly applied a subjective standard of reasonableness to its review of the state court decision when it should have applied an objective standard, (*id.* at 3–6).

Cantu's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA standard is highly deferential to the state court's decision. In contrast to "ordinary error correction through appeal," AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015)

---

[2] The Court acknowledges that Cantu raises additional objections, however, those objections are insufficient. First, Cantu's general objections "to all findings of fact and conclusion[s] of law," (Dkt. No. 26 at 2), are conclusive and general, and "need not be considered" by the Court. *See Battle*, 834 F.2d at 421.

Second, Cantu's remaining objections "merely reurg[e] arguments contained in the original petition[,]" and therefore need not be considered. *Edmond*, 8 F.3d at 293 n.7. This includes his allegation that certain jurors were biased because of their relationship with the prosecutor and previous experience with sexual abuse victims, *compare* (Dkt. No. 26 at 16–17) *with* (Dkt. No. 2 at 13), his allegation that the prosecutor engaged in misconduct by informing the court that he had no notes indicating that Mr. Roldan could not be an impartial juror, *compare* (Dkt. No. 26 at 17) *with* (Dkt. No. 2 at 15), his allegations that the prosecutor elicited testimony contrary to the court's previous admissibility ruling and improperly coached the witness, *compare* (Dkt. No. 26 at 18–19) *with* (Dkt. No. 2 at 15–17), his allegation that there was insufficient evidence for the prosecution to prove the duration element of the crime, *compare* (Dkt. No. 26 at 20) *with* (Dkt. No. 2 at 18–20), and his allegations that his trial counsel and appellate counsel were ineffective, *compare* (Dkt. No. 26 at 21) *with* (Dkt. No. 2 at 20–26).

(per curiam) (internal quotations omitted). Therefore, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011). While AEDPA "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings," this standard is difficult to meet "because it was meant to be." *Id.* These requirements "reflect a presumption that state courts know and follow the law." *Woods*, 575 U.S. at 316, 135 S.Ct. at 1376 (quotations omitted).

Specifically, 28 U.S.C. § 2254(d)(1) dictates that, when custody results from a state court judgment, habeas relief should not be granted unless the state court's adjudication of the claim resulted in a decision that was (1) contrary to, or (2) involved an unreasonable application of, clearly established federal law. "Section 2254(d) applies even where there has been a summary denial," in which case, the court "must determine what arguments or theories could have supported the state court's decision." *Cullen v. Pinholster*, 563 U.S. 170, 187–88, 131 S.Ct. 1388, 1402, 179 L.Ed.2d 557 (2011) (cleaned up). The M&R focused on the second clause of Section 2254(d)(1) and found "nothing unreasonable in the state court's application of clearly established federal law[.]" (Dkt. No. 23 at 21). Cantu also focuses on the second clause in his Objections, contending "that although the state court may ha[ve] correctly identified the governing legal rule(s) . . . the state court unreasonably applied them in its analysis of his case." (Dkt. No. 26 at 7).[3]

---

[3] In parts of his Objections, Cantu claims that Magistrate Judge Libby erred by interpreting Section 2254(d)(1) to require that Magistrate Judge Libby identify a Supreme Court case granting habeas relief on similar facts to Cantu's before granting relief in this case. *See* (Dkt.
(continue)

4

In *Williams v. Taylor*, the Supreme Court emphasized that the "unreasonable application" inquiry is an objective inquiry, not a subjective one. 529 U.S. 362, 409–10, 120 S.Ct. 1495, 1521–22, 146 L.Ed.2d 389 (2000). Consequently, the Court rejected the lower court's holding that a state court decision involves an unreasonable application when reasonable jurists would all agree its application was unreasonable. *Id.* This standard, the Court explained, "would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one." *Id.* at 410, 120 S.Ct. at 1522. In other words, the inquiry is not about whether "at least one of the Nation's jurists has applied the relevant law in the same manner the state court did in the habeas petitioner's case." *Id.* Instead, the proper inquiry is about whether the state court's application is objectively unreasonable. *Id.* at 409, 120 S.Ct. at 1521. Though the Supreme Court did not define "unreasonable," it stressed that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410, 120 S.Ct. at 1522 (emphases in original); *accord Virginia v. LeBlanc*, \_\_\_\_ U.S. \_\_\_\_, \_\_\_\_, 137 S.Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (per curiam).

Nearly eleven years later, in *Harrington v. Richter*, the Supreme Court again considered the unreasonable application inquiry from Section 2254(d)(1). 562 U.S. at 100–104, 131 S.Ct. at 785–87. The Court underscored that an unreasonable application of federal law is not the same as an incorrect application. *Id.* at 101, 131 S.Ct. at 785 (citing

---

No. 26 at 3, 7). But that is not what the M&R did. A federal court is foreclosed from granting habeas relief unless the state court's decision is *contrary* to Supreme Court precedent. *See Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010). The M&R properly applied this standard.

5

*Williams*, 529 U.S. at 410, 120 S.Ct. at 1522). The Court further elaborated that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004)). Driving the point home, the Court stated, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law *beyond any possibility for fairminded disagreement*." *Id.* at 103, 131 S.Ct. at 786–87 (emphasis added).

Cantu argues that by relying on the *Harrington* standard of whether fairminded jurists could disagree, the M&R improperly applied the subjective standard rejected by the *Williams* Court. (Dkt. No. 26 at 3–6). Cantu contends, as have others,[4] that *Harrington*'s consideration of whether fairminded jurists could disagree is in tension with *Williams*'s rejection of the standard considering a reasonable jurist when defining an unreasonable application of federal law. (*Id.* at 5–6). Nevertheless, the Court overrules Cantu's objection.

The M&R properly applied an objective standard to the unreasonableness inquiry under Section 2254(d)(1), not a subjective standard. In determining whether Cantu's state

---

[4] *See, e.g., Peoples v. Lafler*, 734 F.3d 503, 510 (6th Cir. 2013) ("In *Williams*, the Court warned against defining the term by reference to a 'reasonable jurist' and held that the question is merely whether the decision was objectively reasonable. More recently, however, the Court re-embraced reference to the jurist[.]" (citations omitted)); Justin F. Marceau, *Challenging the Habeas Process Rather Than the Result*, 69 Wash. & Lee L. Rev. 85, 112 n.93 (2012).

6

habeas proceeding resulted in an unreasonable application of clearly established federal law, the M&R relied on the standards from *Williams* and *Harrington*, both of which constitute binding precedent.[5] (Dkt. No. 23 at 5–6). The relevant holding from *Williams*—that the 2254(d)(1) unreasonable application inquiry is objective—was not disturbed by *Harrington*. Despite its consideration of "fairminded jurists," there is no indication in *Harrington* that the Supreme Court applied a subjective standard to the unreasonableness inquiry under Section 2254(d)(1).[6] Not long after *Harrington* was decided, the Fifth Circuit reiterated *Williams*'s objective standard. *Pierre v. Leger*, 495 F. App'x 403, 405 (5th Cir. 2012) (per curiam) (citing *Williams*, 529 U.S. at 409, 120 S.Ct. at 1521).

And even if there is some discord between the two cases with respect to the particular consideration of "reasonable" or "fairminded" jurists, the more recent case governs. Bryan A. Garner et al., *The Law of Judicial Precedent* 301 (2016) ("Lower courts almost uniformly adhere to the rule that the most recent opinion of the high court within the jurisdiction is to be followed."). *Harrington* is more recent, so its instruction that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision" is properly applied. 562 U.S. at 101, 131 S.Ct. at 786 (quoting *Yarborough*, 541 U.S. at 664,

---

[5] *See* Bryan A. Garner et al., *The Law of Judicial Precedent* 301–02 (2016) ("Before a lower court makes the assumption of a tacit overruling, it will want to exhaust all possibilities of reconciling the two decisions[.]").

[6] Indeed, *Harrington*'s consideration of fairminded jurists is arguably more consistent with an objective analysis, not a subjective one. *See* Brian R. Means, *Federal Habeas Manual* § 3:53 (2021 ed.) ("[*Harrington*'s] fairminded jurists test is *aligned* with [*Williams*'s] insistence that the focus of the 'unreasonable application' inquiry remain on the decision itself, an objective inquiry, and not the decision-maker, a subjective one." (emphasis added)).

124 S.Ct. at 2149). Indeed, the Supreme Court has continued to apply this test. *See*, *e.g.*, *Shinn v. Kayer*, ____ U.S. ____, ____, 141 S.Ct. 517, 524, 208 L.Ed.2d 353 (2020) (per curiam). So too has the Fifth Circuit. *See, e.g., Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. 2020) (per curiam). Thus, this Court's obligation is clear. The M&R applied the proper standard under Section 2254(d)(1) to Cantu's federal habeas application.[7] As a result, the Court overrules his objection that the M&R incorrectly applied a subjective standard of review.

### B. BIASED JUROR

In his habeas petition, Cantu claimed that a biased jury was unconstitutionally seated. (Dkt. No. 1 at 6); (Dkt. No. 2 at 11). This claim is based, in part, on Cantu's allegation that Amador Roldan was seated on the jury that convicted him even though Roldan stated during voir dire that he could not be fair and impartial. (Dkt. No. 1 at 6); (Dkt. No. 2 at 12). In the M&R, Magistrate Judge Libby determined that "while Juror #45 Mr. Yu-Lin Kung indicated he could not be fair and was inadvertently called #45 Mr. Roldan by Petitioner's trial counsel during questioning, Juror #35 Mr. Roldan was seated on the jury and never stated he could not be fair." (Dkt. No. 23 at 7). In other words, the biased juror was accidentally called the wrong name and was not actually seated on

---

[7] Cantu argues that by applying a subjective standard, the M&R "refuse[s] to exercise the JUDICIAL POWER required under Article III" and unconstitutionally "SUSPENDS the Writ of Habeas Corpus[.]" (Dkt. No. 26 at 8). The Court concludes that the M&R properly applied an objective standard. But to the extent Cantu makes an independent argument that Section 2254(d)(1) is unconstitutional, this argument is similar to one raised in *Cobb v. Thaler*. 682 F.3d 364, 373–74 (5th Cir. 2012). In *Cobb*, the Fifth Circuit rejected the argument that Section 2254(d)(1) violates Article III. *Id.* at 377; *see also Crater v. Galaza*, 491 F.3d 1119, 1125–26 (9th Cir. 2007) (rejecting a claim that Section 2254(d)(1) violates the Suspension Clause). Likewise, the Court overrules any objection by Cantu that Section 2254(d)(1) is unconstitutional.

8

Cantu's jury. This determination was based on an affidavit from Cantu's trial counsel as well as the jury strike lists from both the prosecution and the defense. (*Id.* at 7–8). As a result, Magistrate Judge Libby concluded that Cantu's "argument is without any support in the record." (*Id.* at 8).

Cantu objects, contending that the record contains evidence that it was Roldan (who was ultimately seated) who stated he could not be impartial. (Dkt. No. 26 at 13–16). Citing the voir dire transcript, Cantu points out that his trial counsel asked whether any potential juror felt that he or she could not be fair and impartial because the charge involved sexual abuse of a child. (*Id.* at 13); (Dkt. No. 18-6 at 76). The transcript then indicates that one of the potential jurors manifested a response, as Cantu's trial counsel follows his question with, "Yes Sir. In the fourth row." (Dkt. No. 26 at 13); (Dkt. No. 18-6 at 76). After this statement, the transcript indicates that the potential juror states his own name: "Mr. Roldan," to which Cantu's trial counsel responds, "Mr. Roldan, you're number 45." (Dkt. No. 26 at 14); (Dkt. No. 18-6 at 76). In the dialogue that follows, this potential juror tells Cantu's trial counsel, "I wouldn't be fair if I was to sit up there as a juror." (*Id.*). Cantu argues that because the potential juror who stated he could not be fair self-identified as Mr. Roldan and nobody objected to correct the record, summary judgment is improper. (Dkt. No. 26 at 15–16).

"[T]he issue of juror bias is a factual finding." *Virgil v. Dretke*, 446 F.3d 598, 610, n.52 (5th Cir. 2006); *see also Patton v. Yount*, 467 U.S. 1025, 1036–37, 104 S.Ct. 2885, 2891–92, 81 L.Ed.2d 847 (1984). Two provisions of Section 2254 potentially govern factual

9

findings: Section 2254(d)(2) and Section 2254(e)(1).[8] Both sections apply to habeas petitions brought by persons "in custody pursuant to the judgment of a State court" and both address factual determinations by the state court. 28 U.S.C. § 2254(d)(2)–(e)(1). Under Section 2254(d)(2), the habeas petition should be denied unless the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under Section 2254(e)(1), the state court's determination of a factual issue "shall be presumed to be correct" and that presumption can be overcome only if the petitioner provides "clear and convincing evidence."

The Supreme Court has declined to resolve the precise relationship between Sections 2254(d)(2) and 2254(e)(1). *Brumfield v. Cain*, 576 U.S. 305, 322, 135 S.Ct. 2269, 2282, 192 L.Ed.2d 356 (2015); *Burt v. Titlow*, 571 U.S. 12, 18, 134 S.Ct. 10, 15, 187 L.Ed.2d 348 (2013); *Wood v. Allen*, 558 U.S. 290, 300, 130 S.Ct. 841, 848–49, 175 L.Ed.2d 738 (2010);

---

8   Section 2254(d)(2) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . .
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) states:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

10

*Rice v. Collins*, 546 U.S. 333, 339, 126 S.Ct. 969, 974, 163 L.Ed.2d 824 (2006). The Circuit Courts have adopted varying approaches.[9] The Fifth Circuit articulated its approach in *Blue v. Thaler* and interpreted Section 2254(e)(1) as pertaining "only to a state court's determinations of particular factual issues," while Section 2254(d)(2) "pertains to the state court's decision as a whole." 665 F.3d 647, 654 (5th Cir. 2011); *see also Valdez v. Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001).

Thus, the Court applies Section 2254(e)(1)'s presumption of correctness to the state court's particular, albeit implicit, factual determination that Cantu's jury was not biased.[10] *See Blue*, 665 F.3d at 654. The Section 2254(e)(1) presumption of correctness extends not only to express findings of fact, but to the implicit findings of the state court. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). In Cantu's state habeas proceeding, the Court of Criminal Appeals rejected Cantu's claim without written order. (Dkt. No. 19-11). To reject Cantu's state habeas claim, which included his biased jury argument

---

[9] *See, e.g., Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011); *Blue v. Thaler*, 665 F.3d 647, 654 (5th Cir. 2011); *Teti v. Bender*, 507 F.3d 50, 58 (1st Cir. 2007); *Collier v. Norris*, 485 F.3d 415, 422–23 (8th Cir. 2007); *Lambert v. Blackwell*, 387 F.3d 210, 236 n.19 (3d Cir. 2004); *Ward v. Sternes*, 334 F.3d 696, 703–04 (7th Cir. 2003); *see also* Brian R. Means, *Federal Habeas Manual* § 3:82 (2021 ed.). Other circuits have acknowledged the issue but have not taken a position on how the two provisions fit together. *See Johnson v. Martin*, 3 F.4th 1210, 1218 n.4 (10th Cir. 2021); *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1356 n.1 (11th Cir. 2020); *Carter v. Bogan*, 900 F.3d 754, 769 n.7 (6th Cir. 2018); *Murray v. Schriro*, 745 F.3d 984, 1001 (9th Cir. 2014); *Cardoza v. Rock*, 731 F.3d 169, 177 n.5 (2d Cir. 2013).

[10] Even under Section 2254(d)(2)'s "unreasonable determination" standard, the state court's factual determination stands. *See Luna v. Davis*, 793 F. App'x 229, 236 n.7 (5th Cir. 2019) (per curiam) (electing not to decide whether Section 2254(d)(2) or Section 2254(e)(1) applied because deference to the state court's determination was proper under either standard). In light of the voir dire transcript, attorney affidavits, and jury strike lists, the state court's implicit determination that the biased juror was accidentally called the wrong name but was not actually seated on Cantu's jury is reasonable. *See* (Dkt. No. 18-6 at 132, 134, 164–69); (Dkt. No. 19-12 at 99–101, 105–112); *see also* 28 U.S.C. § 2254(d)(2); *Wood*, 558 U.S. at 301, 130 S.Ct. at 849.

11

concerning Mr. Roldan, the state court must have concluded that Cantu failed to demonstrate that his jury was biased. Even if the voir dire transcript sections Cantu proffers could have served as a basis for the state habeas court to consider his biased jury claim, "[f]ederal habeas relief is 'not a substitute for ordinary error correction through appeal.'" *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *Harrington*, 562 U.S. at 102–03, 131 S.Ct. at 786).

The voir dire transcript evidence Cantu cites is not clear and convincing evidence sufficient to overcome the presumption of correctness this Court must afford the state court's finding. *See* 28 U.S.C. § 2254(e)(1); *see also Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (Section 2254(e)(1) "overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004). While the transcript is admittedly unclear in the sections that Cantu cites and the prosecutor could have corrected the record, when considered alongside the additional evidence in the record, these sections of the transcript are not clear and convincing evidence that the state court's determination was incorrect. *See* 28 U.S.C. § 2254(e)(1). The voir dire transcript as a whole, attorney affidavits, and jury strike lists provide additional context that supports the state court's implicit finding and the M&R's conclusion that Mr. Kung was inadvertently called Mr. Roldan at one point during voir dire and no biased juror was ultimately seated. *See* (Dkt. No. 18-6 at 132, 134,

12

164–69); (Dkt. No. 19-12 at 99–101, 105–112). Thus, the Court overrules Cantu's objection.[11]

## II. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. The Court has conducted *de novo* review of those portions of the M&R to which Cantu specifically objects and overrules those objections. Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 21). The Court further **DISMISSES WITH PREJUDICE** Petitioner Reynaldo Alberto Cantu's habeas petition under 28 U.S.C. § 2254. (Dkt. No. 1).

It is SO ORDERED.

Signed on March 11, 2022.

*/s/ Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[11] Cantu also reasserts his request for an evidentiary hearing to resolve his biased jury claim. (Dkt. No. 26 at 16). In the M&R, Magistrate Judge Libby found that an evidentiary hearing was not necessary. (Dkt. No. 23 at 1–2) (citing Rule 8, Rules Governing § 2254 Cases). Having resolved that the state court's determination that no biased juror was seated is correct under Section 2254(e)(1), the Court concludes that the state court's decision to reject Cantu's biased jury claim was not contrary to or an unreasonable application of clearly established federal law under Section 2254(d)(1). Because the state habeas court adjudicated Cantu's biased jury claim on the merits, the Court is limited to the record that was before the state court. *Cullen*, 563 U.S. at 181–82, 131 S.Ct. at 1398. An evidentiary hearing is therefore unwarranted. *See Murray v. Vannoy*, 806 F. App'x 341, 343 (5th Cir. 2020) (per curiam).

13